No. 15,524.

MILLER *v.* ZACHEIS, ADMINISTRATOR.
(178 P. [2d] 431)

Decided March 3, 1947.

Mr. MERLE M. MARSHALL, for plaintiff in error.

Mr. HARRY M. HOWARD, Mr. GEORGE H. BLICKHAHN, for defendant in error.

*En Banc.*

MR. JUSTICE STONE delivered the opinion of the court.

PLAINTIFF in error, Cora Lee Miller, as plaintiff below, brought action for divorce against her husband, Joseph F. Miller, and upon the death of the latter, the administrator of his estate was substituted as party defendant. The case comes here on questions involved in property settlement.

Plaintiff had children by a former marriage. She owned farm property individually and other farm properties in joint tenancy with her children, all of which were operated by her husband under crop share leases which provided that he should furnish farm machinery and equipment. Later, she and her children obtained another ranch property by foreclosure, and she also acquired another farm by purchase. During the operation of these farms by her husband, irrigation wells were installed involving the purchase of pumps, pump houses, equipment, supplies and power. Husband and wife gave their common notes for operating funds, as well as for permanent improvements; plaintiff advanced funds and the husband turned back part of his profits in financing the farm operations. For the greater part of the time all receipts and expenses were handled through a common bank account on which both parties drew checks, which involved mortgage payments, interest, taxes, water assessments, farm help, household help, farm expenses and expenses of the children, two of whom were away at school, and no adequate books were kept as to the funds received or disbursed.

For the purpose of an accounting between the parties the court appointed a referee, and in order to facilitate, or even make possible, an accounting, all checks and

bank statements of both parties were turned over to the referee. Both parties, together with their counsel, met before the referee for a period of nine days and orally agreed as to the proper accounting to be made of each check and deposit and other item of debit or credit which was brought to their attention. The only items upon which the parties were unable to agree were claims by plaintiff for doing laundry work and furnishing board for the husband, and the latter's counterclaim for chores done for plaintiff during the same period, both of which claims were disallowed by the referee and the court. No objection is here made as to those items. No shorthand reporter was present at these conferences and no record was made except the referee's notations. Based on such oral agreements of the parties and their attorneys as to all the items of accounting involved, the referee made his report. By agreement of parties and counsel, in order to save expense, the referee did not extend a detailed and itemized report, but submitted a summary only of his computations for each year involved. There is now no claim of fraud or of error on the part of the referee in his crediting or debiting of any item as agreed upon by the parties. The only errors asserted are those of law alleged to have occurred by reason of his computations.

On the basis of the findings and report of the referee, Mr. Miller made payments of debts that were held his thereunder, and delivered possession to plaintiff of properties found to be hers; the report of the referee was considered, and adopted, by the trial court and became in effect its findings of fact as to the items therein concerned, and we are concluded by these on review except as to errors, if any, apparent from the record now before us, which consists of the summary of the computations of the referee, and very brief inquiry of the referee as to his methods and basis of division.

Plaintiff was accorded full opportunity before the trial court to cross-examine the referee as to any items in

his report, and to call for any explanation of details thought proper to demonstrate error in his report and findings. She did not take advantage of this opportunity; instead of so doing she obtained possession of the many checks, deposit slips, bank statements and other records, by permission of the court and, thereafter, attempted to show error in the referee's report by offering so-called independent audits made by an accountant whom she employed to audit these records. These purported audits were produced in the trial court and the accountant was cross-examined as to their making. He there admitted that in the case of many of the checks he had no way of determining to whom they should be charged, as to numerous others he admitted error; and as to several, he admitted making charge according to instructions of plaintiff or her attorney. These reports, which were offered for the purpose of contradicting the report of the referee, were inadmissible, being in part based on unsworn, self-serving declarations of plaintiff and in part on conjectures of the accountant. Further, the index to the record gives no reference to these reports being received in evidence; we do not find that they were ever admitted by the court, and they cannot now be considered for the purpose of contradicting the report of the referee.

Plaintiff specifies four points for review. The third in part is, "That the relation of the parties was one of landlord and tenant and their financial affairs adjusted upon the terms of the written leases and if it appeared the Referee had made an erroneous construction of those, this matter may be corrected by the court, and that said report and findings of the Referee does show that the Referee made an erroneous construction of those matters which the Court failed to correct." In the fourth, plaintiff asserts that the referee's "findings are an erroneous construction of the legal relation of the parties and, since the Court ordered at the first hearing upon plaintiff's objections such errors might be cor-

rected, reversible error was committed in failing to correct such erroneous matters as pointed out." These specifications are vague and indefinite and fail to give the court the slightest hint as to the item of the referee's report or of the rulings of the court of which complaint is made, or whether objection was interposed thereto at the trial, and we are not assisted by any reference to the record or by plaintiff's argument. Such specifications cannot be considered.

■ The first specification predicates error in the report of the referee in crediting defendant in error "with the sum of $7,650.47 which the Referee held to represent said defendant's one-half share in certain cash receipts after division by the parties and not thereafter commingled with joint funds. That this sum and item in the report had already been separated from the joint funds, by the parties and the plaintiff in error and the defendant in error had each received a like sum; therefore to credit defendant in error with this item operated as a conclusion of accounting and of law to debit the plaintiff in error thus creating an unlawful charge against plaintiff in that amount." During the last year of their farm operations plaintiff deposited her half of crop proceeds in a separate and individual bank account while the husband continued to deposit his half in the common or joint bank account. The item of $7,650.47 represents the total of such deposits made by him in the joint account during said period. The referee testified that he arrived at this item from bank statements, and that Mrs. Miller's credit for a like amount was verified by her bank statements. There is no evidence tending to contradict this item of the referee's report and no error is shown therein.

The second specification alleges error in charging against the plaintiff the sum of $1,929.74 as one-half of her expenses during one period of accounting when it is alleged there is failure to charge the husband with a like amount or any amount for his equal obligation. On

the referee's report for that period there is an item of charge to the husband "for the withdrawal of funds from the joint account and properly chargeable to him" in the sum of $5,184.80. There was no cross-examination of the referee or inquiry of him with regard to the items making up this total, and in the absence of showing to the contrary it must be presumed that the one-half of the so-called joint expenditures properly chargeable to the husband in like amount as were charged against the plaintiff were included in the larger amount charged to him.

Accordingly, the judgment of the trial court is affirmed.